NO. 13-2535

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIRST CIRCUIT

AF HOLDINGS, LLC,
*Plaintiff,*

v.

SANDIPAN CHOWDHURY.,
*Defendant-Appellee,*

Appeal of:
JOHN L. STEELE; PAUL A. DUFFY; PAUL R. HANSMEIER,
*Interested Parties – Appellants.*

On Appeal from the United States District Court
for the District of Massachusetts, No. 1:12-cv-12105-JLT

**Opening Brief of
Appellants Paul Duffy, John Steele & Paul Hansmeier**

John Steele
1111 Lincoln Road, Suite 400
Miami Beach, FL 33139
786-571-8131

Paul Hansmeier
100 South Fifth Street, Suite 1900
Minneapolis, MN 55402
612-234-5744

Paul Duffy
2. N. LaSalle Street, 13th Floor
Chicago, IL 60602
312-952-6136

March 17, 2014

## CORPORATE DISCLOSURE STATEMENT

Appellants John L. Steele, Paul A. Duffy, and Paul R. Hansmeier are natural persons. As such, a corporate disclosure statement is not required. FED. R. APP. P. 26.1(a).

# TABLE OF CONTENTS

TABLE OF CONTENTS ................................................................ii

TABLE OF AUTHORITIES ..........................................................iv

Jurisdictional Statement........................................................1

Statement of the Issue ...........................................................3

Statement of the Case and Facts ............................................4

    A. AF Holdings brings suit against Sandipan Chowdhury............4

    B. Chowdhury answers and counterclaims against AF Holdings ................................................................4

    C. AF Holdings moves to strike and dismiss Chowdhury's counterclaims...................................................5

    D. AF Holdings' motions are denied for counsel's failure to appear ...........................................................5

    E. Chowdhury moves for an entry of default and for a default judgment against AF Holdings ....................5

    F. Chowdhury seeks entry of judgment against five non-parties .............................................................6

    G. Steele, Duffy and Hansmeier move to vacate the judgment as void and the district court denies the motions................................................................7

Summary of the Argument ....................................................8

Argument.................................................................................10

I. The District Court Had No Discretion But to Vacate the Default Judgment Because Chowdhury's Failure to Serve Steele, Duffy or Hansmeier With Process Resulted in a Void Judgment..................................................................10

II. The District Court Had No Discretion But To Vacate The Default Judgment Because Chowdhury's Failure to Name Steele, Duffy and Hansmeier as Parties Resulted in a Void Judgment.................................................................11

III. The District Court Had No Discretion But To Vacate The Judgment As To Steele, Duffy and Hansmeier Because

Chowdhury's Counterclaims Failed To State A Theory Of Relief Against Them ........................................................................ 12

IV. The District Court Had No Discretion but To Vacate the Judgment As To Steele, Duffy and Hansmeier Because the Default Judgment Awarded Relief That Was Not Sought in Chowdhury's Counterclaims ......................................................... 15

V. The District Court Did Not Identify a Valid Reason for Declining to Vacate the Default Judgment Against Steele, Duffy and Hansmeier .................................................................... 17

    A. The "empty exercise" doctrine is *totally* and *completely* inapplicable to void judgments. ............................................... 17

    B. Notice of filings is not a valid substitute for service of process ........................................................................................ 18

    C. There were no issues for Steele, Duffy or Hansmeier to litigate ...................................................................................... 19

CONCLUSION ......................................................................................... 20

# TABLE OF AUTHORITIES

## Cases

*Danning v. Lavine,*
   572 F.2d 1386 (9th Cir. 1978) ........................................................ 14

*Echvevarria-Gonzalez v. Gonzlez-Chapel,*
   849 F.2d 24 (1st Cir. 1988)............................................................ 21

*General Contracting & Trading Co. v. Interpole, Inc.,*
   940 F.2d 20 (1st Cir. 1991)............................................................ 11

*Global NAPS, Inc. v. Verizon New England Inc.,*
   603 F.3d 71, 87 (1st Cir. 2010) ........................................................ 1

*KPS & Assocs, Inc. v. Designs by FMC, Inc.,*
   318 F.3d 1 (1st Cir. 2003)....................................................... 10, 18

*M & K Welding, Inc. v. Leasing Partners, LLC,*
   386 F.3d 361 (1st Cir. 2004)........................................ 3, 12, 13, 17

*Marshall v. Baggett,*
   616 F.3d 849 (8th Cir. 2010) .................................................. 15, 16

*Metro Prop. & Cas. Ins. Co. v. Shan Trac, Inc.,*
   324 F.3d 20 (1st Cir. 2003)............................................................ 13

*Nishimatsu Constr. Co. v. Houston Nat. Bank,*
   515 F.2d 1200 (5th Cir. 1975) ........................................................ 15

*Peralta v. Heights Med. Ctr., Inc.,*
   485 U.S. 80 (1988) .......................................................................... 20

*Precision Etchings & Findings, Inc. v. LGP Gem, Ltd.,*
   953 F.2d 21 (1st Cir. 1992)......................................................... 9, 21

*Sea-Land Service, Inc. v. Ceramica Europa II, Inc.,*
   160 F.3d 849 (1st Cir. 1998)............................................................ 3

*Shank/Balfour Beatty v. Int'l Bhd. of Elec. Workers Local 99*,
    497 F.3d 83, 94 (1st Cir. 2007) ............................................ 8, 12, 13

*Silge v. Merz*,
    510 F.3d 157 (2d Cir. 2007) ................................................ 10, 17, 18

*Teamsters, Chauffeurs Local No. 5 v. Superline Tr.*,
    953 F.2d 17 (1st Cir. 1992) ............................................................. 19

*Thomson v. Wooster*,
    114 U.S. 104 (1885) ....................................................................... 15

*United States v. V & E Eng'g & Constr. Co.*,
    819 F.2d 331, 336–37 (1st Cir. 1987) ........................................ 9, 14

## Statutes

18 U.S.C. § 1030 ........................................................................... 1

28 U.S.C. § 1291 ........................................................................... 1

28 U.S.C. § 1367 ................................................................... 1, 2, 33

## Rules

Fed. R. Civ. P. 55 ...................................................................... 16

## Jurisdictional Statement

Plaintiff AF Holdings, LLC brought this action in the district court seeking statutory damages and injunctive relief under the Copyright Act of 1976, 17 U.S.C. § 501 *et seq.* against Defendant-Appellee Sandipan Chowdhury. Appendix ("Appx.") 1–14. The district court had subject matter jurisdiction over AF Holdings' federal claims pursuant to 28 U.S.C. § 1338(a). AF Holdings also asserted state law claims for civil conspiracy and negligence. Appx. 1–14. The district court had subject matter jurisdiction over these claims under 28 U.S.C. § 1367(a), as these claims were so related to Plaintiff's federal claims as to form part of the same case or controversy under Article III of the United States Constitution. The district court had subject matter jurisdiction over Chowdhury's counterclaims under 28 U.S.C. § 1367(a). *See Global NAPS, Inc. v. Verizon New England Inc.*, 603 F.3d 71, 87 (1st Cir. 2010).

This Court has jurisdiction pursuant to 28 U.S.C. § 1291. On September 30, 2013 the district court entered judgment against Plaintiff AF Holdings. Appx. 53. On October 22, 2013, the district court entered judgment against non-parties Prenda Law, Inc., John Steele, Paul Duffy, Paul Hansmeier and Mark Lutz. Appx. 58. On November 6, 7 and 12, 2013 Appellants Steele, Duffy and Hansmeier filed motions to vacate the amended default judgment as void, respectively. Appx. 59–72, 73–86, 87–97. The district court entered an order denying these motions on December 3, 2013. Addendum 1–2. On December 16, 2013

Appellants Steele, Duffy and Hansmeier filed a timely notice of appeal. Appx. 119–121.

## Statement of the Issue

1. Whether the district court erred by failing to vacate the default judgment entered against Steele, Duffy and Hansmeier as void.

**Standard of review:** Normally, the decision to grant or deny a Rule 60(b) motion lies within the sound discretion of the district court, and appellate review is for abuse of discretion only. *Sea-Land Service, Inc. v. Ceramica Europa II, Inc.*, 160 F.3d 849, 852 (1st Cir. 1998). "However, a decision whether or not a judgment is void under 60(b)(4) allows no room for discretion. The review is de novo." *M & K Welding, Inc. v. Leasing Partners, LLC*, 386 F.3d 361, 364 (1st Cir. 2004).

## Statement of the Case and Facts

Appellants John Steele, Paul Duffy and Paul Hansmeier are appealing the district court's denial of motions to vacate a default judgment entered against them in a case where they were never named as parties, served with process or alleged to have committed wrongdoing.

## A. AF Holdings brings suit against Sandipan Chowdhury

On November 13, 2012 Plaintiff AF Holdings, LLC brought suit against Defendant-Appellee Sandipan Chowdhury in the United States District Court for the District of Massachusetts (Tauro, J.) seeking damages and injunctive relief for copyright infringement under 17 U.S.C. § 501 *et seq*. and related state law claims. Appx. 1–14. The suit was brought solely by AF Holdings, solely against Chowdhury. Appx. 1–14. No other parties—including Steele, Duffy or Hansmeier—were mentioned in or served with the complaint. Appx. 1–14. AF Holdings was represented by attorney Daniel Ruggerio. Appx. 14.

## B. Chowdhury answers and counterclaims against AF Holdings

On January 4, 2013 Chowdhury answered the complaint and asserted four counterclaims against AF Holdings: (1) declaratory judgment of non-infringement; (2) abuse of process; (3) copyright misuse; and (4) violation of Massachusetts General Laws, Chapter 93A, § 1, *et seq*. Appx. 15–35. The counterclaims were asserted solely against AF Holdings. Appx. 15–35. None were

asserted against Steele, Duffy or Hansmeier. Appx. 15–35. Nor were Steele, Duffy or Hansmeier served with the counterclaims or otherwise joined as parties. Appx. 35. Nor did the counterclaims seek "interest as provided by law", a sum certain or allege liquidated damages. Appx. 15–35.

## C. AF Holdings moves to strike and dismiss Chowdhury's counterclaims

On January 23, 2013 and January 28, 2013 AF Holdings moved to strike and dismiss Chowhudry's counterclaims, respectively. Appx. 35–43.

## D. AF Holdings' motions are denied for counsel's failure to appear

On June 17, 2013 the district court held a hearing on the various outstanding motions. Daniel Ruggerio, AF Holdings' counsel, failed to appear. Appx. 44. Due to Ruggerio's absence, the district court denied AF Holdings' motions. Appx. 44–45. AF Holdings failed to interpose an answer. Shortly thereafter, Ruggerio withdrew from representation. Appx. 46.

## E. Chowdhury moves for an entry of default and for a default judgment against AF Holdings

On July 10, 2013 Chowdhury requested entry of default against AF Holdings. Appx. 47–48. The district court granted Chowdhury's request on August 29, 2013 and the clerk entered a notice of default against AF Holdings that same day. Appx. 49, 50. Neither Steele, Duffy nor Hansmeier was mentioned in

the clerk's notice of default. Appx. 50. On September 13, 2013 Chowdhury, "move[d] for Default Judgment against Plaintiff/Counterdefendant AF Holdings, LLC." Appx. 51–52. On September 30, 2013 the district court granted Chowdhury's motion without a hearing as "unopposed." Appx. 53.

## F. Chowdhury seeks entry of judgment against five non-parties

Approximately two weeks later, on October 17, 2013, Chowdhury filed a document entitled, "Motion For Final Approval of Form of Default Judgment." Appx. 54–55. In the motion, Chowdhury sought to have judgment entered against AF Holdings. Appx. 54–55. He also sought to have judgment entered against five other persons and entities, including Steele, Duffy and Hansmeier. Appx. 56. These five persons and entities were not parties to the case, had not been served with process and were not alleged to have committed any wrongdoing. Appx. 15–35.

The district court granted the motion without conducting any further inquiry on October 22, 2013, marking it "approved." Appx. 57. Judgment issued the same day. Appx. 58. The judgment was a money judgment in the amount of $64,180.80, joint and severally against AF Holdings, LLC, Prenda Law, Inc., John L. Steele, Paul A. Duffy, Paul R. Hansmeier and Mark Lutz with "interest as provided by law." Appx. 58.

## G. Steele, Duffy and Hansmeier move to vacate the judgment as void and the district court denies the motions

On November 6, 7 and 12, 2013, Appellants Steele, Duffy and Hansmeier filed motions to vacate the amended default judgment as void, respectively. Appx. 59–72, 73–86, 87–97. In their briefs, they argued, *inter alia*, that a district court has no discretion but to vacate a void judgment. Appx. 59–72, 73–86, 87–97. On December 3, 2013 the district court denied the motions on the grounds that: (1) the motions failed to demonstrate that the removal of the default judgment would not be an empty exercise; (2) that the movants had notice of all filings in this case, including filings that identified Steele, Duffy and Hansmeier as the controlling owners of Plaintiff; and (3) movants had ample opportunity to litigate the case before default was entered. Addendum 1–2.

On December 16, 2013 Appellants Steele, Duffy and Hansmeier filed a timely notice of appeal. Appx. 119-121.

## Summary of the Argument

A district court may enter a default judgment only against a person who is designated as a party, subject to the court's jurisdiction and alleged to have committed wrongdoing. In the case below, Appellants Steele, Duffy and Hansmeier were never named as parties, served with process, or alleged to have committed wrongdoing. Nevertheless a default judgment was entered against them in Chowdhury's favor. While the district court should never have entered a default judgment against them in the first instance, it had no discretion but to vacate the judgment as void when moved to do so. Yet, the district court denied motions seeking such relief. This was error for at least four reasons.

*First,* a judgment may not be entered against someone who is not a party to the case. *Shank/Balfour Beatty v. Int'l Bhd. of Elec. Workers Local 99*, 497 F.3d 83, 94 (1st Cir. 2007). Neither Steele, Duffy nor Hansmeier were designated as parties to Chowdhury's counterclaims, rendering the judgment entered against them void. Thus, the district court had no discretion but to vacate the default judgment against them.

*Second,* a district court may not obtain jurisdiction over a person without service of process or waiver thereof, and judgment may not be entered in the absence of jurisdiction. *Precision Etchings & Findings, Inc. v. LGP Gem, Ltd.*, 953 F.2d 21, 23–25 (1st Cir. 1992). Chowdhury made no effort to serve process on Steele, Duffy or Hansmeier and none of these individu-

als waived service of process, rendering the judgment entered against them void. For this reason, the district court had no discretion but to vacate the default judgment against them.

*Third,* a district court may not enter a default judgment against persons who are not alleged to have committed any wrongdoing. *United States v. V & E Eng'g & Constr. Co.*, 819 F.2d 331, 336–37 (1st Cir. 1987) (noting that a defaulting party may appeal a default judgment entered on a complaint that is "insufficient to support the judgment"). Chowdhury's counterclaims did not state a claim against Steele, Duffy or Hansmeier. In fact, Chowdhury's counterclaims were asserted solely against AF Holdings. The district court had no discretion but to vacate the default judgment against Steele, Duffy and Hansmeier.

*Fourth*, the default judgment awarded relief that was not sought in Chowdhury's counterclaims. As such, the default judgment violated Federal Rule of Civil Procedure 54(c), and is "null and void." 10 Wright, Miller, & Kane, *Federal Practice and Procedure*, § 2663 (2d ed.); *Silge v. Merz*, 510 F.3d 157, 159 (2d Cir. 2007). The district court had no discretion but to vacate the default judgment as to Steele, Duffy and Hansmeier. The district court further abused its discretion by failing to conduct a proper inquiry before fixing the amount of damages. *KPS & Assocs, Inc. v. Designs by FMC, Inc.*, 318 F.3d 1, 19 (1st Cir. 2003).

## Argument

This Appeal presents the straightforward question of whether a district court has any discretion but to vacate a judgment entered against persons who were never named as parties, served with process or alleged to have committed wrongdoing. Precedents of the Supreme Court and this Court hold that a district court has no discretion but to vacate a judgment under these circumstances. The judgment below should have been vacated as to Steele, Duffy and Hansmeier, and the district court erred in denying motions seeking such relief.

**I.     The District Court Had No Discretion But to Vacate the Default Judgment Because Chowdhury's Failure to Serve Steele, Duffy or Hansmeier With Process Resulted in a Void Judgment.**

"A default judgment entered by a court which lacks jurisdiction over the person of the defendant is void." *Precision Etchings & Findings, Inc. v. LGP Gem, Ltd.*, 953 F.2d 21, 23–25 (1st Cir. 1992). Personal jurisdiction is established by proper service of process or by the defendant's waiver of any defect in service of process. *Id.*; *see also General Contracting & Trading Co. v. Interpole, Inc.*, 940 F.2d 20, 21 n.1 (1st Cir. 1991). A district court has no discretion but to vacate a void judgment. *M & K Welding, Inc.*, 386 F.3d at 364.

Neither Steele, Duffy nor Hansmeier were served with process or waived service of process—a point that was uncontested below. The district court, thus, never obtained jurisdiction over

them. *Precision Etchings,* 953 F.2d at 23. The district court's lack of jurisdiction over Steele, Duffy or Hansmeier resulted in a void judgment against them. *Id.* A district court has no discretion but to vacate a void judgment. *M & K Welding, Inc.*, 386 F.3d at 364. The district court's denial of Appellants' motions to vacate the judgment as void was reversible error.

## II.  The District Court Had No Discretion But To Vacate The Default Judgment Because Chowdhury's Failure to Name Steele, Duffy and Hansmeier as Parties Resulted in a Void Judgment

A judgment entered against a person who is not designated as a party to the case is void. *Shank/Balfour Beatty*, 497 F.3d at 94 (1st Cir. 2007). Neither Steele, Duffy nor Hansmeier were designated as parties in AF Holdings' complaint. Appx. 1–14. Nor were they designated as defendants in Chowdhury's counterclaims. Appx. 15–35. Nor were they later made parties to the case. A district court has no discretion but to vacate a void judgment. *M & K Welding, Inc.*, 386 F.3d at 364.

In *Shank/Balfour Beatty v. Int'l Bhd. Of Elec. Workers Local 99*, 497 F.3d 83 (1st Cir. 2007), this Court ordered a district court to delete a non-party from a judgment. 497 F.3d at 94. Shank/Balfour was a joint venture between two corporations, M.L. Shank Co., Inc. and Balfour Beatty Construction, Inc. *Id.* at 86. Balfour Beatty appeared in the caption of the original complaint only as a member of the Shank/Balfour joint venture, not as a party in its own right. *Id.* at 94. The district court nev-

ertheless entered judgment against Balfour Beatty and later denied a motion to delete Balfour Beatty from the judgment. *Id.* This Court ordered the district court to delete Balfour Beatty from the judgment, holding that a judgment entered against a non-party is void. *Id.*

In so holding, this Court cited case law standing for the well-established proposition that a judgment entered against an entity never properly served is "void" within the meaning of Rule 60(b)(4). *Id.* (citing *Metro Prop. & Cas. Ins. Co. v. Shan Trac, Inc.*, 324 F.3d 20, 25 (1st Cir. 2003)). This Court saw "no reason why the result should differ when judgment enters against an entity that was never even a party in the first place." *Id.* As in in *Shank/Balfour*, neither Steele, Duffy nor Hansmeier were ever "even a party in the first place." *Id.* The judgment entered against them is "void" within the meaning of Rule 60(b)(4). *Id.* The district court had no discretion but to vacate the judgment as to them. Their names should be deleted from the judgment. *Id.*

## III.  The District Court Had No Discretion But To Vacate The Judgment As To Steele, Duffy and Hansmeier Because Chowdhury's Counterclaims Did Not State A Theory Of Relief Against Them

A district court may not enter default judgment against persons who are not alleged to have committed any wrongdoing. *See United States v. V. & E Eng'g & Constr. Co.*, 819 F.2d 331, 336-37 (1st Cir. 1987) (noting doctrine that in some circum-

stances a defaulting party may appeal a default judgment entered on a complaint that is "insufficient to support the judgment"). The pleadings must have a sufficient basis for the judgment to be entered. *See id.*; *see also Danning v. Lavine*, 572 F.2d 1386, 1388 (9th Cir. 1978) (facts not established by pleadings and claims not well pleaded are not binding and cannot support judgment). When evaluating a default judgment on appeal, the appellate court must determine, *de novo*, whether there is a sufficient basis in the pleadings for the judgment entered. *See Marshall v. Baggett*, 616 F.3d 849, 853-54 (8th Cir. 2010) (vacating default judgment where complaint failed to assert a theory for imposing personal liability on a corporate officer); *see also Nishimatsu Constr. Co. v. Houston Nat. Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975); *Thomson v. Wooster*, 114 U.S. 104, 113 (1885). A court is not justified in entering a judgment on the basis of a party's default alone.[1]

In *Marshall v. Baggett*, 616 F.3d 489 (8th Cir. 2010), a default judgment was entered against Theresa Baggett. Ms. Baggett had signed an agreement that purported to be between Baggett Masonry, Inc. and the Laborers' International Union of North America, Local 1140 (the "Union"). *Id.* at 851. Ms. Baggett's signature was made in her capacity as the president of Baggett Masonry. *Id.* After an alleged violation of the agreement, the Union filed suit against Ms. Baggett, styled as "The-

---

[1] This is doubly true in the case of entering judgment against someone who is not a party in the first place, and could not possibly be in default.

resa Baggett d/b/a Baggett Masonry, Inc." *Id.* Baggett Masonry, Inc. was not joined as a defendant. *Id.* The sole allegation in the complaint linking Ms. Baggett in her individual capacity to the Union's claims was, "[Ms. Baggett] is an individual and operates a construction company doing business in the State of Nebraska." *Id.* After Ms. Baggett failed to interpose an answer, the district court entered a default judgment against her and denied her subsequent motion to vacate the judgment. *Id.* at 852.

On appeal, Ms. Baggett argued that the unchallenged facts in the complaint failed to state a legitimate cause of action against her in her individual capacity. *Id.* The Eighth Circuit, applying a *de novo* review, agreed, concluding that there was no well-pled theory in the complaint to support an assertion that Baggett Masonry, Inc. was a sham corporation or an indistinct identity of Ms. Baggett. *Id.* at 853. The default judgment against Ms. Baggett was vacated. *Id.* at 855.

Like the Union's claims in *Marshall v. Baggett* failed to state a legitimate cause of action against Ms. Baggett, Chowdhury's counterclaims fail to state a claim against Duffy, Hansmeier or Steele. Duffy's name *does not even appear* in Chowdhury's counterclaims. Hansmeier's name appears once, and for the irrelevant proposition that he is Peter Hansmeier's brother.[2] Steele's name appears a handful of times in support of proposi-

---

[2] Nor is Peter Hansmeier alleged to have committed any wrongdoing.

tions that are wholly unrelated to the substance of Chow-
dhury's counterclaims. Because Chowdhury's counterclaims fail
to state a cause of action against Steele, Duffy or Hansmeier,
this Court should vacate the default judgments entered against
each of them.

## IV. The District Court Had No Discretion but To Vacate the Judgment As To Steele, Duffy and Hansmeier Because the Default Judgment Awarded Relief That Was Not Sought in Chowdhury's Counterclaims

A default judgment that awards relief not sought in a plead-
ing is void. Under Fed. R. Civ. P. 54(c), "[a] default judgment
must not differ in kind from, or exceed in amount, what is de-
manded in the pleadings." When a pleading does not demand a
certain form of relief, a default judgment on the pleading that
includes differing relief is "null and void." 10 Wright, Miller, &
Kane, *Federal Practice and Procedure*, § 2663 (2d ed.); *Silge v.
Merz*, 510 F.3d 157, 159 (2d Cir. 2007). A district court has no
discretion but to vacate a void judgment. *M & K Welding, Inc.*,
386 F.3d at 364.

In relevant part, Chowdhury's counterclaims demanded his
costs, reasonable attorneys' fees and an unquantified damages
award. Appx. 15–35. His counterclaims did not contain a re-
quest for judgment against Steele, Duffy or Hansmeier and did
not include a request for "interest as provided by law." Yet,
both of these forms of relief were incorporated into the final de-
fault judgment. The judgment was thus "void" and the district

court had no discretion but to vacate it when moved to do so. *Silge¸* 510 F.3d at 159 (2d Cir. 2007).

The district court exacerbated this issue by erring in its application of Federal Rule of Civil Procedure 55(b)(2). "Following the entry of default, a district court can enter a final judgment without requiring further proof of damages only in limited situations." *KPS & Assocs, Inc.*, 318 F.3d at 19 (1st Cir. 2003). No evidentiary inquiry is necessary if a claim is for a "sum certain" or if the claim is "liquidated." *Id.* Neither of those circumstances was present here.

Under Rule 55, a claim is not a "sum certain unless there is no doubt as to the amount to which a plaintiff is entitled as a result of the defendant's default." *Id.* Chowdhury's counterclaims requested "all damages that he has sustained…" and his "costs" and "attorneys' fees." Appx. 34. Neither of these amounts are quantifiable without further proof. They are thus not "sums certain." *Id.* A liquidated claim is one in which the "amount thereof has been ascertained and agreed upon by the parties or fixed by operation of law." *Id.* at 20. On their face, Chowdhury's counterclaims do not request liquidated damages Despite the fact that Chowdhury's counterclaims did not demand a "sum certain" or a liquidated amount, the district court entered final judgment without requiring further proof of damages. This was an abuse of its discretion. *Id.* at 21.

## V.  The District Court Did Not Identify a Valid Reason for Declining to Vacate the Default Judgment Against Steele, Duffy and Hansmeier

The district court stated three reasons for denying the motions to vacate filed by Steele, Duffy and Hansmeier: (1) Steele, Duffy and Hansmeier failed to demonstrate that the removal of the default judgment would not be an empty exercise; (2) Steele, Duffy and Hansmeier had notice of all filings in this case, including filings that identified them as the controlling owners of Plaintiff; and (3) Steele, Duffy and Hansmeier had ample opportunity to litigate this case before default was entered. Addendum 1–2. None of these reasons was a valid basis for the district court's denial of the motions to vacate because neither the law nor the facts countenance these reasons.

### A. The "empty exercise" doctrine is *totally* and *completely* inapplicable to void judgments.

The district court denied the motions to vacate based, in part, on its determination that Steele, Duffy and Hansmeier failed to demonstrate that vacating the default judgment would not be an "empty exercise." Addendum 1–2. The district court cited to *Teamsters, Chauffeurs Local No. 5 v. Superline Tr.*, 953 F.2d 17, 20 (1st Cir. 1992) for the proposition that a person seeking to vacate a default judgment must demonstrate the potential of success on the merits. Addendum 1–2. Yet, the Supreme Court has directly rejected this requirement in the context of void judgments. In particular, in *Peralta v. Heights Med. Ctr., Inc.*, 485 U.S. 80 (1988), the Supreme Court stated that,

"[w]here a person has been deprived of property in a manner contrary to the most basic tenets of due process, it is no answer to say that in his particular case due process of law would have led to the same result because he had no adequate defense upon the merits." *Id.* at 87. In this case, the district court entered a judgment in the absence of jurisdiction because neither Steele, Duffy nor Hansmeier were named as parties or served with process. The district court's entry of judgment was thus conducted "in a manner contrary to the most basic tenets of due process." *Id.* For this reason, neither Steele, Duffy nor Hansmeier were required to show a likelihood of success on the merits.

At the risk of diluting the foregoing point, it bears mentioning that Steele, Duffy and Hansmeier did, in fact, demonstrate likelihood of success on the merits. In particular, these individuals noted that Chowdhury's counterclaims failed to state a claim against any of them. Appx. Appx. 59–72, 73–86, 87–97. The district court did not address this argument. Addendum 1–2.

## B. Notice of filings is not a valid substitute for service of process

The district court denied the motions to vacate based, in part, on its finding that Steele, Duffy and Hansmeier had notice of all of the filings in this case, including filings that identified them as the controlling owners of Plaintiff. Addendum 1–2. However, this Court has made "abundantly clear" on multiple

occasions that actual notice is not a substitute for service of process. *Precision Etchings & Findings, Inc.*, 953 F.2d at 24 ("The federal courts have made it abundantly clear that actual notice itself, without more, is insufficient to satisfy the requirements of Fed. R. Civ. P. 4(d)(1)."); *see also Echvevarria-Gonzalez v. Gonzlez-Chapel*, 849 F.2d 24, 28 (1st Cir. 1988) (same). The district court's focus on notice was misplaced, because notice is not a method by which a district court acquires personal jurisdiction. *Id.*

## C. There were no issues for Steele, Duffy or Hansmeier to litigate

The district court's final statement in its order denying the motions to vacate was that Steele, Duffy and Hansmeier "had ample opportunity to litigate this case before default was entered." Addendum 1–2. There are at least four problems with this statement. *First*, the entry of default occurred with respect to counterclaims that asserted no allegations against Steele, Duffy or Hansmeier. Appx. 15–35. Thus, there were no allegations for any of them to defend. *Second*, the entry of default itself was made exclusively as to AF Holdings. Appx. 50. Neither Steele, Duffy nor Hansmeier had any reasonable expectation that a default judgment would be granted with respect to persons who were not subject to an entry of default. *Third*, the motion for default judgment sought judgment against AF Holdings alone. Appx. 51–52. Only the final paper filed, entitled "Motion for Final Approval of Form of Default Judgment"—which was *not* served on Steele, Duffy or Hansmeier—sought judgment

against any of these persons. Appx. 54–55. Thus, contrary to the district court's assertion, neither Steele, Duffy nor Hansmeier had any reason to litigate anything prior to the final filing preceding judgment. *Fourth*, and perhaps most fundamentally, the opportunity to litigate a matter is not a curative for insufficiencies in basic case initiation requirements, such as designating a party, serving process and alleging wrongdoing.

## CONCLUSION

The district court had no authority to enter judgment against persons who were never named as parties, served with process or alleged to have committed wrongdoing. It likewise had no discretion but to vacate the improperly entered judgments when moved to do so. This Court should reverse the district court's denials of the motions to vacate brought by Steele, Duffy and Hansmeier and remand with instructions to the district court to delete these individuals' names from the judgment.

DATED: March 17, 2014

/s/ Paul Hansmeier
Paul Hansmeier
100 South Fifth Street, Suite 1900
Minneapolis, MN 55402
612-234-5744
*In propria persona*

/s/ Paul Duffy  (with consent)
Paul Duffy
2. N. LaSalle Street, 13th Floor
Chicago, IL 60602
312-952-6136
*In propria persona*

/s/ John Steele  (with consent)
John Steele
1111 Lincoln Road, Suite 400
Miami Beach, FL 33139
786-571-8131
*In propria persona*

# Addendum

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

AF HOLDINGS, LLC,                    *
                                     *
            Plaintiff,               *
                                     *
      v.                             *        Civil Action No. 12-12105-JLT
                                     *
SANDIPAN CHOWDHURY,                  *
                                     *
            Defendant.               *

ORDER

December 3, 2013

TAURO, J.

     After reviewing the Parties' written submissions, this court hereby orders that Interested

Party John L. Steele's Motion to Set Aside Default Judgment [#36] is DENIED and that

Interested Party Paul R. Hansmeier's Motion to Set Aside Default Judgment [#38] is also

DENIED.

     A default judgment may be set aside under Federal Rule of Civil Procedure 60(b) only in

"extraordinary" circumstances.[1] A party

          seeking relief under Rule 60(b) must demonstrate "at a bare minimum, that his motion is
          timely; that exceptional circumstances exist, favoring extraordinary relief; that if the
          judgment is set aside, he has the right stuff to mount a potentially meritorious claim or
          defense; and that no unfair prejudice will accrue to the opposing parties should the
          motion be granted."[2]

Under this standard, a movant "must give the trial court reason to believe that vacating the

---

[1] Fisher v. Kadant, 589 F.3d 505, 512 (1st Cir. 2009) ("Rule 60(b) relief is 'extraordinary in
nature' and, thus, 'motions invoking that rule should be granted sparingly.'" (quoting Karak v.
Bursaw Oil Corp., 288 F.3d 15, 19 (1st Cir. 2002))).

[2] Id. (quoting Karak, 288 F.3d at 19).

judgment will not be an empty exercise."[3]

Steele and Hansmeier's motions fail to demonstrate that the removal of the default judgment would not be an empty exercise.[4] Regardless of the exact relationship between Steele and Hansmeier, on the one hand, and Plaintiff, on the other,[5] it is clear that Steele and Hansmeier had notice of all filings in this case, including filings that identified Steele and Hansmeier as the controlling owners of Plaintiff.[6] Steele and Hansmeier therefore had ample opportunity to litigate this case before default was entered.

This case shall remain CLOSED.[7]

IT IS SO ORDERED.

                                          /s/ Joseph L. Tauro
                                        United States District Judge

---

[3] Teamsters, Chauffeurs, Warehousemen & Helpers Union, Local No. 59 v. Superline Transp. Co., 953 F.2d 17, 19 (1st Cir. 1992).

[4] See id.

[5] This court is not the first federal court to decline to unravel this relationship. See AF Holdings, LLC v. John Doe(s), Nos. 12-1445, 12-1446, 12-1447, 12-1448, 12-1449, ECF No. 67, at *9 (D. Minn. Nov. 6, 2013), available at Resp. Opp'n Pl.'s Counsel's Mots. Set Aside Default J., at Ex. J [#42] ("The Court further concludes that, once all of the ill-gotten gains are fully disgorged from AF Holdings, it would not be a wise use of the Court's limited resources to *sua sponte* attempt to fully untangle the relationship between Hansmeier, Steele, Duffy, Dugas, Lutz and Prenda Law, on the one hand—and the Plaintiff, AF Holdings, LLC., on the other.").

[6] See, e.g., Defs.' Req. Judicial Notice Order File Related Proceeding [#15]; Order Issuing Sanctions [#15-1].

[7] To the extent that Interested Party Paul A. Duffy intended his Declaration in Support of His Motion and Memorandum of Law in Support of Motion to Set Aside Default Judgment [#41] to be a motion, it, too, is DENIED for the foregoing reasons.

# CERTIFICATE OF SERVICE

I hereby certify that on March 17, 2014 I electronically filed the foregoing document with the United States Court of Appeals for the First Circuit by using the CM/ECF system.  I certify that the following parties or their counsel of record are registered as ECF Filers and that they will be served by the CM/ECF system:

Sandipan Chowdhury

I further certify that on March 17, 2014 I served a copy of the foregoing document on the following parties or their counsel of record by U.S. mail for delivery within 3 days:

AF Holdings LLC and Mark Lutz
c/o Mark Lutz
910 West Ave, Suite 1014
Miami Beach, FL 33139

Paul A. Duffy
Duffy Law Group, 13th Floor
Two N. LaSalle St.
Chicago, IL 60602

John L. Steele
1111 Lincoln Rd., #400
Miami Beach, FL 33139

/s/ Paul Hansmeier