# United States Court of Appeals
## For the First Circuit

_____

No. 13-2535

AF HOLDINGS, LLC,

Plaintiff,

v.

SANDIPAN CHOWDHURY,

Defendant, Appellee.

-------------------------------------------------------------------------------

JOHN L. STEELE; PAUL A. DUFFY; PAUL R. HANSMEIER,

Interested Parties, Appellants,

MARK LUTZ,

Interested Party.

_____

Before

Lynch, Thompson and Kayatta,
Circuit Judges.

_____

**JUDGMENT**

Entered: August 4, 2016

After carefully considering the record and briefs on appeal, we vacate and remand.

The appellants moved to vacate the judgment under Rule 60(b)(4) for lack of personal jurisdiction because they were never named as parties to the counterclaims and properly served. It was undisputed below that the appellants were not properly named and served. Absent some exception, which was not established, a judgment cannot be entered against those who are not made parties through proper service. Shank/Balfour Beatty, a Joint Venture of M.L. Shank, Co., Balfour Beatty Constr. v. Int'l Bhd. Of Elec. Workers Local 99, 497 F.3d 83, 94 (1st Cir. 2007).

When personal jurisdiction is lacking, relief is mandatory, and the appellants did not have to show various factors required for relief under other subsections of Rule 60(b). <u>M & K Welding, Inc.</u> v. <u>Leasing Partners, LLC</u>, 386 F.3d 361, 365 (1st Cir. 2004).

Contrary to the appellee, the fact that non-parties do not, or cannot, dispute alter ego allegations that would permit both serving them and holding them liable on the judgment does not obviate the need to call them before the court before entering judgment. <u>Zenith Radio Corp</u>. v. <u>Hazeltine Research, Inc.</u>, 395 U.S. 100 (1969).

<u>Vacated</u> and <u>remanded</u>. 1st Cir. Loc. R. 27.0(c).

By the Court:

/s/ Margaret Carter, Clerk

cc:
Honorable Joseph L. Tauro
Robert Farrell, Clerk of Court
AF Holdings, LLC
Jason E. Sweet
Daniel G. Booth
John L. Steele
Paul A. Duffy
Paul R. Hansmeier